J-S73005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN LUCZKI | : | |
| | : | |
| Appellant | : | No. 93 WDA 2018 |

Appeal from the Judgment of Sentence December 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003552-2017

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 8, 2019**

Appellant, Brian Luczki, appeals from the amended judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction for possession of a controlled substance.[1] We affirm.

In its opinion, the trial court accurately sets forth the relevant facts of this case. Therefore, we have no reason to restate them. Procedurally, we add Appellant filed a motion to suppress on August 25, 2017. On December 15, 2017, the court conducted a suppression hearing and denied Appellant's suppression motion. That same day, Appellant proceeded to a bench trial, following which the court convicted Appellant of one count of possession of a controlled substance. On December 15, 2017, the court initially sentenced

_____

[1] 35 P.S. § 780-113(a)(16).

Appellant, but on December 18, 2017, the court entered a corrected sentencing order and imposed three (3) to six (6) months' incarceration, plus sixteen (16) months' probation. Appellant filed a timely notice of appeal on January 12, 2018. The court ordered Appellant on January 16, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on February 15, 2018.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR IN DETERMINING THAT [APPELLANT]'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE ONE, SECTION EIGHT OF THE PENNSYLVANIA CONSTITUTION, WERE NOT VIOLATED WHEN [APPELLANT] WAS SUBJECTED TO A SEIZURE—AN ILLEGAL INVESTIGATORY DETENTION, NOT A MERE ENCOUNTER—WHEN TWO POLICE OFFICERS WHO HAD IDENTIFIED THEMSELVES AS SUCH APPROACHED HIM WITH THEIR BADGES DISPLAYED AND ONE STATED, "I NEED TO SPEAK WITH YOU"?

(Appellant's Brief at 4).

Our standard of review regarding the denial of a motion to suppress evidence is as follows:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal

conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to our plenary review.

*Commonwealth v. Hoppert*, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

Contacts between the police and citizenry fall within three general classifications:

The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012).

An investigative detention, unlike a mere encounter, constitutes a seizure of a person and thus activates the protections of Article 1, Section 8 of the Pennsylvania Constitution. To institute an investigative detention, an officer must have at least a reasonable suspicion that criminal activity is afoot. Reasonable suspicion requires a finding that based on the available facts, a person of reasonable caution would believe the intrusion was appropriate.

\* \* \*

Reasonable suspicion exists only where the officer is able to articulate specific observations which, in conjunction with

reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Jones*, 874 A.2d 108, 116 (Pa.Super. 2005) (internal citations omitted).

"[T]he question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether there was a particularized and objective basis for suspecting the individual stopped of criminal activity." *Commonwealth v. Cottman*, 764 A.2d 595, 598-99 (Pa.Super. 2000) (quoting *Commonwealth v. Beasley*, 761 A.2d 621, 625 (Pa.Super. 2000), *appeal denied*, 565 Pa. 662, 775 A.2d 801 (2001)).

In making this determination, we must give due weight…to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

*Commonwealth v. Young*, 904 A.2d 947, 957 (Pa.Super. 2006), *appeal denied*, 591 Pa. 664, 916 A.2d 633 (2006) (internal citations and quotation marks omitted). "[W]hether the defendant was located in a high crime area…supports the existence of reasonable suspicion." *Commonwealth v.*

- 4 -

*Foglia*, 979 A.2d 357, 361 (Pa.Super. 2009) (*en banc*), *appeal denied*, 605 Pa. 694, 990 A.2d 727 (2010) (internal citations omitted).

"Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Thompson*, 604 Pa. 198, 203, 985 A.2d 928, 931 (2009) (internal quotation marks omitted).

> The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Id.* (emphasis in original) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kelly E. Bigley, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 27, 2018, at 2-4) (finding: evidence established Officer Luffey asked to speak to Appellant after officer's observations led him to conclude Appellant might have purchased narcotics; Appellant immediately turned away and pulled stamp bag out of his pocket; Officer Luffey's initial interaction and request to speak with Appellant was mere encounter; Officer Luffey's observation of stamp bag in Appellant's hand

constituted probable cause to arrest Appellant for possession of controlled substance; based on foregoing, court denied suppression motion). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2019



ORIGINAL
Criminal Division
Dept. of Court Records

FILED

2018 APR 27 PM 1: 37

DEPT OF RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                                :    CC No. 2017-03552
            v.                  :    93 WDA 2018
                                :
BRIAN LUCZKI,                   :    Judge: Kelly Bigley
            Defendant           :


## OPINION

The defendant appeals from a verdict and judgment of sentence entered December 15, 2017, at the conclusion of a suppression hearing and stipulated non-jury trial before this court. The defendant was found guilty of Possession of a Controlled Substance. The defendant was sentenced to three (3) to six (6) months in the Allegheny County Jail and sixteen (16) months probation[1]. No Post-Sentence Motions were filed and this appeal followed.

The defendant raises one issue on appeal;

1. This Honorable Court erred when it denied Mr. Luczki's Motion to Suppress Evidence. The seizure and subsequent search of Mr. Luczki's person were illegal and conducted in violation of Mr. Luczki's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article One, Section Eight of the Pennsylvania Constitution, for the following reasons

   a. Mr. Luczki was subjected to a seizure where two police officers who identified themselves as such approached him with their badges displayed and one stated "I need to speak with you." This seizure was not supported by reasonable suspicion that Mr. Luczki was engaged in criminal activity or by probable cause to arrest him.

---

[1] The original Sentencing Order did not impose the probationary period imposed and a Corrected Order was entered.

b. The police officer's subsequent order to Mr. Luczki to "open up his hand" was a search of Mr. Luczki's person. This search was conducted without a warrant and in the absence of any delineated exception to the warrant requirement.

2. The sentence imposed is illegal where this Honorable Court's order of sentence fails to specify the length of the term during which Mr,. Luczki is to be supervised on probation.

In this case, the evidence presented at trial established that on November 29, 2016, Officer William Luffey of the Allegheny County Port Authority Police was working with other police officers as part of the District Attorney task force targeting the sale of illegal narcotics (DANET). Officers were in the area of Federal and Henderson Streets on the North Side of Pittsburgh due to complaints of drug sales. [T.T. 4][2] The Sandusky Court housing project is adjacent to the area and the task force had made in excess of thirty drug arrests in the area that month. [T.T. 6]

Officer Luffey first observed the defendant walking away from the officers and toward the Sandusky Court Housing Project. The defendant was with an individual known to Luffey as he had arrested that individual on drug charges on five prior occasions. They walked toward Sandusky Court and out of the view of the officers. Approximately 14 minutes later the two individuals were observed coming back from the area of Sandusky Court walking toward the officers. Officer Luffey testified that based on his training and experience, and the observations he made, he believed that the individuals had purchased illegal narcotics. Officer Luffey and Sgt. Wagner who were in plain clothes, but wearing their badges around their necks, waited until the individuals

_____

[2] T.T. refers to the Trial Transcript of December 15, 2017, followed by the page number(s).

2

were a few feet away and announced themselves as police officers. Officer Luffey stated "I need to speak to you", and both the defendant and the other individual turned and started to walk away. The defendant started to pulled his hand out of his front pocket and Officer Luffey could clearly see a stamp bag in his hand. After asking the defendant to open his hand he observed three stamp bags marked "no pain" in his hand. [ T.T. 10 ] The defendant was then placed under arrest for possession of a controlled substance.

In evaluating the level of interaction between police and a citizen, courts conduct an objective examination of the totality of the surrounding circumstances. *Commonwealth v. Strickler*, 563 Pa. 47, 757 A.2d 884 (2000). In the instant case the evidence established that Officer Luffey asked if he could speak with the defendant after his observations led him to conclude that the defendant may have purchased narcotics. The defendant immediately turned away and pulled a stamp bag out of his pocket. At that point Officer Luffey had probable cause to arrest the defendant for possession of a controlled substance. This court found that the interaction and request to speak with the defendant was a mere encounter that did not require reasonable suspicion or probable cause. Officer Luffey was adamant that he clearly observed a stamp bag of heroin in the defendant's hand before he closed his fist. He had three stamp bags of heroin in his hand. Accordingly, this court denied the defendant's Motion to Suppress.

3

By reason of the foregoing, the verdict and judgment of sentence should be affirmed.

By the Court,

Date: _April 27, 2018_

_Kelly Bigley_____ J.

Copies to:

Stephanie M. Noel, Esq.
400 County Office Building
542 Forbes Ave
Pittsburgh, PA 15219

Michael Streilly, Esq
401 Courthouse
436 Grants Street
Pittsburgh, PA 15219

4